**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **AETNA LIFE INSURANCE COMPANY,** | § | **JURY DEMANDED** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:15-CV-491** |
| | § | |
| **ROBERT A. BEHAR, M.D., NORTH** | § | |
| **CYPRESS MEDICAL CENTER** | § | |
| **OPERATING COMPANY, LTD. and** | § | |
| **NORTH CYPRESS MEDICAL CENTER** | § | |
| **OPERATING COMPANY GP, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**AETNA LIFE INSURANCE COMPANY'S ANSWER
TO COUNTER-PLAINTIFFS' ORIGINAL COUNTERCLAIM**

Counter-Defendant Aetna Life Insurance Company ("Aetna") files this Answer to the Original Counterclaim ("Counterclaim") filed by Counter-Plaintiffs Robert A. Behar, M.D., North Cypress Medical Center Operating Company, Ltd. and North Cypress Medical Center Operating Company GP, LLC (collectively, "Counter-Plaintiffs"), and would respectfully show the Court as follows:

# I.
## AETNA'S ANSWER

### PREAMBLE

1.      Aetna denies the allegations contained in paragraph 1 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 1 of the Counterclaim.

<u>**PARTIES**</u>

2.      With respect to the second paragraph of the Counterclaim, Aetna admits that Robert A. Behar, M.D. is an individually named defendant and has already made an appearance in this case.

3.      With respect to the third paragraph of the Counterclaim, Aetna admits that North Cypress Medical Center Operating Company, Ltd. is a named defendant and has already made an appearance in this case.

4.      With respect to the fourth paragraph of the Counterclaim, Aetna admits that North Cypress Medical Center Operating Company GP, LLC is a named defendant and has already made an appearance in this case.

5.      With respect to the allegations contained in paragraph 5 of the Counterclaim, Aetna admits that Aetna Life Insurance Company is a Connecticut corporation authorized to conduct business within the State of Texas, and that it has been served with or otherwise received a copy of the Counterclaim.  Aetna further admits that (1) certain Aetna entities offer healthcare coverage through various insured and self-funded products made available to employers and employer groups, and (2) it provides certain administrative services to plan sponsors offering such benefits to employees and their dependents. Aetna otherwise denies the allegations contained in paragraph 5 of the Counterclaim.

6.      With respect to the allegations contained in paragraph 6 of the Counterclaim, Aetna admits that Aetna Inc. is authorized to conduct business within the State of Texas.  Aetna otherwise denies the allegations contained in paragraph 6 of the Counterclaim.

7.      With respect to the allegations contained in paragraph 7 of the Counterclaim, Aetna admits that Aetna Health Inc. is authorized to conduct business within the State of Texas. Aetna otherwise denies the allegations contained in paragraph 7 of the Counterclaim.

HOU:3589766.1

8.      With respect to the allegations contained in paragraph 8 of the Counterclaim, Aetna admits that Mark T. Bertolini is the Chairman and Chief Executive Officer of Aetna. Aetna otherwise denies the allegations contained in paragraph 8 of the Counterclaim.

9.      With respect to the allegations contained in paragraph 9 of the Counterclaim, Aetna admits that Jeffrey D. Emerson was the Head of Aetna Healthcare Management of Aetna and is no longer with Aetna.  Aetna otherwise denies the allegations contained in paragraph 9 of the Counterclaim.

10.      With respect to the allegations contained in paragraph 10 of the Counterclaim, Aetna admits that J. Edward Neugebauer is the Vice President, Chief Litigation Officer of Aetna. Aetna otherwise denies the allegations contained in paragraph 10 of the Counterclaim.

11.      With respect to the allegations contained in paragraph 11 of the Counterclaim, Aetna admits that Clarence Carlton King was Senior Vice President, National Accounts of Aetna during times relevant to this lawsuit.  Aetna otherwise denies the allegations contained in paragraph 11 of the Counterclaim.

### JURISDICTION AND VENUE

12.      Aetna admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), but otherwise denies the allegations contained in paragraph 12 of the Counterclaim.

13.      Aetna admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, but otherwise denies the allegations contained in paragraph 13 of the Counterclaim.

14.      Aetna admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division, but otherwise denies the allegations contained in paragraph 14 of the Counterclaim.

## FACTUAL BACKGROUND

*Aetna's Gains From RICO and Fraudulent Activities:*

15.      Aetna denies the allegations contained in paragraph 15 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 15 of the Counterclaim.

*Evidence Of RICO and Fraudulent Conduct:*

16.      Aetna denies the allegations contained in paragraph 16 of the Counterclaim and each of its subparts.  No response is required to the legal assertions contained in paragraph 16 of the Counterclaim and each of its subparts.

*Aetna's Illegal "Savings" Scheme:*

17.      With respect to the allegations contained paragraph 17 of the Counterclaim, Aetna admits that certain Aetna entities offer healthcare coverage through various self-funded healthcare benefit programs made available to employers and employer groups, the nature of which are reflected in the terms of the applicable health care benefit plans.  Aetna also admits that it has entered into administrative services agreements with certain self-funded plan sponsors, the terms of which speak for themselves.  Aetna otherwise denies the allegations contained in paragraph 17 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 17 of the Counterclaim.

18.      With respect to the allegations contained in paragraph 18 of the Counterclaim, Aetna admits that certain Aetna entities offer healthcare coverage through various self-funded healthcare benefit programs made available to employers and employer groups, the nature of which are reflected in the terms of the applicable health care benefit plans.  Aetna also admits that it has entered into administrative services agreements with certain self-funded plan sponsors, the terms of which speak for themselves.  Aetna otherwise denies the allegations contained in

HOU:3589766.1

paragraph 18 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 18 of the Counterclaim.

19.     With respect to the allegations contained in paragraph 19 of the Counterclaim, Aetna admits that (1) certain Aetna entities offer healthcare coverage through various self-funded healthcare benefit programs made available to employers and employer groups, (2) the nature of the benefit programs provided are reflected in the terms of the applicable health care benefit plans, and (3) it has entered into administrative services agreements with certain self-funded plan sponsors, the terms of which speak for themselves.  Aetna is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Counterclaim with regard to the dollar figures concerning the referenced and unidentified "County" and "two companies/plan sponsors."  Aetna otherwise denies the allegations contained in paragraph 19 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 19 of the Counterclaim.

20.     No response is required for the legal assertions contained in paragraph 20 of the Counterclaim.

21.     No response is required for the legal assertions contained in paragraph 21 of the Counterclaim and its subparts.

22.     No response is required for the legal assertions contained in paragraph 22 of the Counterclaim.

23.     With respect to the allegations contained in paragraph 23 of the Counterclaim, Aetna is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other state statutes, and on that basis denies the allegations.  No response is required to the legal assertions contained in paragraph 23 of the Counterclaim.

24.     With respect to the allegations contained in paragraph 24 of the Counterclaim, Aetna admits that it has entered into administrative services agreements with certain self-funded plan sponsors, the terms of which speak for themselves.  Aetna otherwise denies the allegations contained in paragraph 24 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 24 of the Counterclaim.

25.     Aetna denies the allegations contained in paragraph 25 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 25 of the Counterclaim.

26.     No response is required to the legal assertions contained in paragraph 26 of the Counterclaim.

27.     No response is required to the legal assertions contained in paragraph 27 of the Counterclaim.

28.     Aetna denies the allegations contained in paragraph 28 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 28 of the Counterclaim.

29.     No response is required to the legal assertions contained in paragraph 29 of the Counterclaim.

30.     Aetna denies the allegations contained in paragraph 30 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 30 of the Counterclaim.

***Proof of RICO and Fraudulent Actions:***

31.     Aetna denies the allegations contained in paragraph 31 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 31 of the Counterclaim.

32.     Aetna denies the allegations contained in paragraph 32 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 32 of the Counterclaim.

HOU:3589766.1

***Fines & Sanctions Against Aetna:***

33.     Aetna denies the allegations contained in paragraph 33 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 33 of the Counterclaim.

***North Cypress' Standing to Sue:***

34.     Aetna denies the allegations contained in paragraph 34 of the Counterclaim.  No response is required to the legal assertions contained in paragraph 34 of the Counterclaim.

## CLAIMS FOR RELIEF

**A.     *First Cause of Action – Violations of RICO, 18 U.S.C. § 1962(c)***

35.     With respect to paragraph 35 of the Counterclaim, Aetna incorporates by reference paragraphs 1-34 above.  Aetna otherwise denies the allegations contained in paragraph 35 of the Counterclaim.

36.     Aetna denies the allegations contained in paragraph 36 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 36 of the Counterclaim.

37.     Aetna denies the allegations contained in paragraph 37 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 37 of the Counterclaim.

38.     Aetna denies the allegations contained in paragraph 38 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 38 of the Counterclaim.

39.     Aetna denies the allegations contained in paragraph 39 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 39 of the Counterclaim.

40.     Aetna denies the allegations contained in paragraph 40 of the Counterclaim and its subparts.  No response is required for the legal assertions contained in paragraph 40 of the Counterclaim and its subparts.

HOU:3589766.1

41.     Aetna denies the allegations contained in paragraph 41 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 41 of the Counterclaim.

42.     Aetna denies the allegations contained in paragraph 42 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 42 of the Counterclaim.

43.     Aetna denies the allegations contained in paragraph 43 of the Counterclaim, and further denies that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 43 of the Counterclaim.

**B.     *Second Cause of Action – Fraud***

44.     With respect to paragraph 44 of the Counterclaim, Aetna incorporates by reference paragraphs 1-43 above.  Aetna otherwise denies the allegations contained in paragraph 44 of the Counterclaim.

45.     Aetna denies the allegations contained in paragraph 45 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 45 of the Counterclaim.

46.     Aetna denies the allegations contained in paragraph 46 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 46 of the Counterclaim.

47.     Aetna denies the allegations contained in paragraph 47 of the Counterclaim, and specifically denies that Counter-Plaintiffs have standing to sue Aetna for fraud as assignee of assigned medical benefits from plan members or that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph.  No response is required for the legal assertions contained in paragraph 47 of the Counterclaim.

HOU:3589766.1

**C.    *Third Cause of Action – Malicious Tort of Economic Harm against North Cypress***

48.    With respect to paragraph 48 of the Counterclaim, Aetna incorporates by reference paragraphs 1-47 above.  Aetna otherwise denies the allegations contained in paragraph 48 of the Counterclaim.

49.    Aetna denies the allegations contained in paragraph 49 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 49 of the Counterclaim.

50.    Aetna denies the allegations contained in paragraph 50 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 50 of the Counterclaim.

51.    Aetna denies the allegations contained in paragraph 51 of the Counterclaim, and further denies that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph.  No response is required for the legal assertions contained in paragraph 51 of the Counterclaim.

**D.    *Fourth Cause of Action – Tortious Interference with Patient Agreements***

52.    With respect to paragraph 52 of the Counterclaim, Aetna incorporates by reference paragraphs 1-51 above.  Aetna otherwise denies the allegations contained in paragraph 52 of the Counterclaim.

53.    Aetna denies the allegations contained in paragraph 53 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 53 of the Counterclaim.

54.    Aetna denies the allegations contained in paragraph 54 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 54 of the Counterclaim.

55.    Aetna denies the allegations contained in paragraph 55 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 55 of the Counterclaim.

HOU:3589766.1

56.     Aetna denies the allegations contained in paragraph 56 of the Counterclaim, and further denies that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 56 of the Counterclaim.

**E.     Fifth Cause of Action – Statutory Claims for ERISA Breach of Fiduciary Duties**

57.     With respect to paragraph 57 of the Counterclaim, Aetna incorporates by reference paragraphs 1-56 above.  Aetna otherwise denies the allegations contained in paragraph 56 of the Counterclaim.

58.     No response is required for the legal assertions contained in paragraph 58 of the Counterclaim.

59.     Aetna denies the allegations contained in paragraph 59 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 59 of the Counterclaim.

60.     Aetna denies the allegations contained in paragraph 60 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 60 of the Counterclaim.

61.     Aetna denies the allegations contained in paragraph 61 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 61 of the Counterclaim.

62.     Aetna denies the allegations contained in paragraph 62 of the Counterclaim, and further denies that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 62 of the Counterclaim.

**E.     Sixth Cause of Action – Prohibited Transactions Between Plan and Parties-in-Interest**

63.     With respect to paragraph 63 of the Counterclaim, Aetna incorporates by reference paragraphs 1-62 above.  Aetna otherwise denies the allegations contained in paragraph 63 of the Counterclaim.

64.     Aetna denies the allegations contained in paragraph 64 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 64 of the Counterclaim.

65.     Aetna denies the allegations contained in paragraph 65 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 65 of the Counterclaim.

66.     Aetna denies the allegations contained in paragraph 66 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 66 of the Counterclaim.

67.     No response is required for the legal assertions contained in paragraph 67 of the Counterclaim.

68.     Aetna denies the allegations contained in paragraph 68 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 68 of the Counterclaim.

69.     Aetna denies the allegations contained in paragraph 69 of the Counterclaim, and further denies that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph.  No response is required for the legal assertions contained in paragraph 69 of the Counterclaim.

**F.      *Seventh Cause of Action – Statutory Claims for Co-Fiduciary Liability under ERISA***

70.     With respect to paragraph 70 of the Counterclaim, Aetna incorporates by reference paragraphs 1-69 above.  Aetna otherwise denies the allegations contained in paragraph 70 of the Counterclaim.

71.     No response is required for the legal assertions contained in paragraph 71 of the Counterclaim.

72.     Aetna denies the allegations contained in paragraph 72 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 72 of the Counterclaim.

73.     Aetna denies the allegations contained in paragraph 73 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 73 of the Counterclaim.

HOU:3589766.1

74.     Aetna denies the allegations contained in paragraph 74 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 74 of the Counterclaim.

75.     Aetna denies the allegations contained in paragraph 75 of the Counterclaim, and further denies that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 75 of the Counterclaim.

**H.     *Eighth Cause of Action – Statutory Claims for Co-Fiduciary Liability under ERISA***

76.     With respect to paragraph 76 of the Counterclaim, Aetna incorporates by reference paragraphs 1-75 above.  Aetna otherwise denies the allegations contained in paragraph 76 of the Counterclaim.

77.     Aetna denies the allegations contained in paragraph 77 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 77 of the Counterclaim.

78.     Aetna denies the allegations contained in paragraph 78 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 78 of the Counterclaim.

79.     Aetna denies the allegations contained in paragraph 79 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 79 of the Counterclaim.

80.     Aetna denies the allegations contained in paragraph 80 of the Counterclaim, and further denies that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 80 of the Counterclaim.

## ATTORNEYS' FEES

81.     With respect to paragraph 81 of the Counterclaim, Aetna incorporates by reference paragraphs 1-80 above.  Aetna otherwise denies the allegations contained in paragraph 81 of the Counterclaim.

HOU:3589766.1

82.     Aetna denies the allegations contained in paragraph 82 of the Counterclaim, and further denies that Counter-Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 82 of the Counterclaim.

## CONDITIONS PRECEDENT

83.     With respect to paragraph 83 of the Counterclaim, Aetna incorporates by reference paragraphs 1-82 above.  Aetna otherwise denies the allegations contained in paragraph 83 of the Counterclaim.

84.     Aetna denies the allegations contained in paragraph 84 of the Counterclaim.  No response is required for the legal assertions contained in paragraph 84 of the Counterclaim.

## JURY DEMAND

85.     Aetna denies that Counter-Plaintiffs are entitled to a jury trial.

## PRAYER

86.     Aetna denies that Counter-Plaintiffs are entitled to any of the relief requested in the Prayer of the Counterclaim.

87.     All factual assertions contained in the Counterclaim not expressly admitted above are denied.

## II.
## AFFIRMATIVE DEFENSES

88.     The Counterclaim seeks benefits from Aetna pursuant to employee welfare benefit plans governed by ERISA.  Any state law claims asserted by Counter-Plaintiffs relate to such plans and are preempted by ERISA.

89.     The Counter-Plaintiffs' remedies for any alleged acts or omissions are limited to those afforded by ERISA, as Counter-Plaintiffs' claims are governed by ERISA.

90.     Any decisions made by Aetna regarding the Counter-Plaintiffs' claims for assigned benefits were not an abuse of discretion.

91.     Any decisions made by Aetna regarding the Counter-Plaintiffs' claims for assigned benefits were not arbitrary or capricious.

92.     Any benefit determinations by Aetna with respect to the Counter-Plaintiffs' claims for benefits were proper and correct under the terms of the various health care plans at issue.

93.     The Counter-Plaintiffs' damages, if any be proved, should be reduced by the amount attributable to the Counter-Plaintiffs' failure to mitigate damages.

94.     The Counter-Plaintiffs' claims against Aetna are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, applicable limitations periods, and/or unclean hands.

95.     The Counter-Plaintiffs' failed to perform all conditions necessary to recover from Aetna in this lawsuit.

96.     The Counter-Plaintiffs' damages, if any be proved, should be offset by the amount of any overpayments that Aetna made to the Counter-Plaintiffs.

97.     The Counter-Plaintiffs' claims are barred to the extent any of the administrative remedies provided for in the plans at issue were not exhausted.

98.     The Counter-Plaintiffs' claims are barred by the doctrine of payment.

99.     The Counter-Plaintiffs' claims fail due to lack of standing.

100.     The Counter-Plaintiffs' claims fail to state a cognizable or plausible legal claim for which relief may be granted.

101.     The Counter-Plaintiffs' claim under the Lanham Act fails because Counter-Plaintiffs and Aetna are not competitors and, therefore, the complained of communications are not covered under the Lanham Act.

HOU:3589766.1

102.    The Counter-Plaintiffs' claim under the Lanham Act violates Rule 11 of the Federal Rules of Civil Procedure because (i) the claim is being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (ii) the claim is not warranted by existing law; and (iii) the alleged factual contentions do not have or are not likely to have any evidentiary support.

103.    The Counter-Plaintiffs' claims under the Federal RICO statute fail because Counter-Plaintiffs cannot satisfy all three of the common elements needed to establish a civil RICO claim, including "a pattern of racketeering activity" and the existence of an "enterprise."

104.    The Counter-Plaintiffs' claims under the Federal RICO statute fail as to Aetna because Counter-Plaintiffs do not plead any acts of wrongdoing for which any of these entities may be held liable as a matter of law.

105.    The Counter-Plaintiffs' claim under the Federal RICO statute violates Rule 11 of the Federal Rules of Civil Procedure because (i) the claim is being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (ii) the claim is not warranted by existing law; and (iii) the alleged factual contentions do not have or are not likely to have any evidentiary support.

106.    Any damages allegedly sustained by the Counter-Plaintiffs, if any be proved, were caused in whole or in part by the culpable conduct of the Counter-Plaintiffs or third parties or instrumentalities over whom Aetna had no right or control and, therefore, the amount of any damages otherwise recoverable by the Counter-Plaintiffs against Aetna should be extinguished or reduced in comparative proportion to the culpable conduct of the Counter-Plaintiffs or any other third parties.

HOU:3589766.1

107.    The Counter-Plaintiffs' claims for relief for assigned medical benefits fail because (i) Texas law prohibits the practice of remunerating out-of-network patients; (ii) Counter-Plaintiffs is not entitled to be paid for treating patients under its so-called "prompt pay discount" agreements that are void for illegality; and (iii) Counter-Plaintiffs are not entitled to use the assignments of benefits to be paid because they were obtained by illegal means.

## III.
### PRAYER

Counter-Defendant Aetna Life Insurance Company prays that upon final trial or hearing they be awarded judgment; that the Counter-Plaintiffs take nothing on their claims; that Aetna be awarded its costs of court and attorneys' fees; and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

ANDREWS KURTH LLP

By:   /s John B. Shely
        JOHN B. SHELY
        State Bar No. 18215300
        Federal ID No. 7544
        jshely@andrewskurth.com
        600 Travis, Suite 4200
        Houston, Texas 77002
        (713) 220-4200
        (713) 220-4285 – Fax

OF COUNSEL:

ANDREWS KURTH LLP
and
JEFFREY D. MIGIT
State Bar No. 00794306
Federal ID No. 20433
jmigit@andrewskurth.com

ATTORNEY-IN-CHARGE FOR COUNTER-DEFENDANT AETNA LIFE INSURANCE COMPANY

HOU:3589766.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of September, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

J. Douglas Sutter
Kelly, Sutter & Kendrick
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056-6570


*/s Jeffrey D. Migit*
Jeffrey D. Migit