IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AETNA LIFE INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:15-CV-491** |
| | § | |
| **ROBERT A. BEHAR, M.D., NORTH** | § | |
| **CYPRESS MEDICAL CENTER** | § | |
| **OPERATING COMPANY, LTD. and** | § | |
| **NORTH CYPRESS MEDICAL CENTER** | § | |
| **OPERATING COMPANY GP, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

### AETNA'S RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF COMPLIANCE WITH DECEMBER 22, 2016 ORDER AND MOTION TO LIFT HOSPITAL-WIDE LITIGATION HOLD AND STAY PROCEEDINGS

Aetna Life Insurance Company ("Aetna") opposes Defendants' Notice of Compliance with December 22, 2016 Order and Motion to Lift Hospital-Wide Litigation Hold and Stay Proceedings (the "Motion").[1]  For the reasons stated below, the Motion should be denied, and the Court should order North Cypress to account for key issues concerning the integrity of its electronically stored information ("ESI") as outlined herein.  Only after sufficient explanation and proof should the hospital-wide litigation hold be lifted.

1.      In its Motion, North Cypress requests an order staying this case "pending conclusions of **all** appeals" (*i.e.*, including any appeal to the Supreme Court) in the

---

[1] The Motion fails to include a certificate of conference as required by the Court's Local Rules.  In fact, North Cypress' counsel did not even confer with Aetna's counsel before filing the Motion.

*Koenig* case.[2]  But such an order is unnecessary given the parties' prior agreement and prior Court order that the entire case be stayed until the Fifth Circuit rules in *Koenig*.

2.      Specifically, on July 24, 2015, the Court stayed the entire case, except for discovery.[3]  On September 30, 2016, the parties filed their Joint Status Report, which reflects the parties' agreement that (i) the stay entered on July 24, 2015 should remain in effect until the parties' respective appeals in the *Koenig* case are decided by the Fifth Circuit, and (ii) discovery in this case also should be stayed pending resolution of the *Koenig* appeals to the Fifth Circuit.[4]  Aetna has never agreed that the case be stayed beyond the Fifth Circuit's rulings, and does not belief such an order is either necessary or appropriate.   If the Court finds it necessary to issue yet another order regarding the stay, Aetna requests that such order stay this case only until the Fifth Circuit issues its opinion in the *Koenig* case.

3.      North Cypress' Motion also requests that the Court-ordered litigation hold issued in December 2015 be lifted entirely because North Cypress claims compliance with the Court's December, 22, 2016 order regarding the preservation of North Cypress' ESI.[5]  But if any lifting of the litigation hold is to be had, it should be

---

[2] *See* Motion at ¶ 3 (emphasis added); *see also* Civil Action No. 4:13-cv-00359; *Koenig, et al. v. Aetna Life Ins. Company*; In the United States District Court for the Southern District of Texas (Houston Division).

[3] *See* Docket No. 15 (Hearing Minutes and Order, dated July 24, 2015).

[4] *See* Joint Status Report and Motion to Modify Briefing Schedule, dated September 30, 2016, at ¶¶ 3 and 4 (Docket No. 187).

[5] *See* Order, dated December 22, 2016 (the "December 22nd Order") (Docket No. 201).

only a partial lifting so that the parties and the Court can address key issues regarding North Cypress' non-compliance and lack of integrity concerning its ESI.

4.     As the Court recalls, the December 22nd Order states that "the Court-ordered litigation hold issued on December 2, 2015 shall be lifted after North Cypress has ***fully complied*** with this Order."[6]  However, as reflected in the Report on Imaging Services Performed by Avansic, Inc. ("Avansic"),[7] North Cypress has not fully complied with the Court's December 22nd Order because North Cypress impeded and delayed Avansic's work,[8] lacked transparency throughout the process, and failed to be forthright regarding the location of its ESI that is the subject of the Court's preservation order.[9]

5.     The December 22nd Order requires, among other things, the mirror-imaging of "all of the [ESI] including emails and related attachments, located on and/or processed by the active, backup, and archive hard drives to North Cypress' general partner computer server(s)."[10] But while performing its imaging services, Avansic discovered that North Cypress had removed certain ESI,[11] which was originally stored

---

[6] *Id.* (emphasis added).

[7] *See* Avansic's Report on Imaging Services Performed at pp. 5-8, which is attached hereto as Exhibit A.

[8] For example, on several occasions, North Cypress halted Avansic's work and did not allow it to continue its imaging services until North Cypress' counsel gave his permission.  *See id.* at p 6.

[9] *See id.* at pp. 5-8.

[10] *See* Docket No. 201.

[11] This ESI included "user created files" such as Microsoft Word documents and Excel spreadsheets.

HOU:3773520.1

on North Cypress' general partner server and subject to the Court's December 22nd Order, to the individual desktop computers located in the offices of Dr. Robert Behar (North Cypress' CEO and Chairman of the Board) and Dr. Jimmy Lee (North Cypress' Chief Operating Officer).[12]   Although North Cypress permitted Avansic to mirror-image the hard-drives of these desktop computers, it is unclear whether North Cypress has removed additional ESI from the general partner server to other individual desktop computers, laptops, or to some other storage location(s).[13]   Significantly, despite several preliminary discussions with Avansic, North Cypress never disclosed the removal of ESI from the general partner server until Avansic questioned North Cypress' representatives on this issue.

6.     In addition, the December 22nd Order required the preservation of all emails (and attachments) located on North Cypress' hospital server for 37 custodians. But Avansic only found email mailboxes for 11 of the 37 custodians.[14]   Of the 26 individuals missing email mailboxes, there are at least 10 who had North Cypress email addresses for the hospital server, including Jami Jackson, Brian Hamilton, William Simmons, Rhonda Harkins, Mary Dietrich, Tedra McCardle, Terry Clough, Audrey Fisk, Tory Meyers, and Mary Carlson.[15]   As with the removal of ESI from the general

---

[12] *See* Exhibit A at p. 5.  At this time, it is unknown whether North Cypress removed the ESI from the general partner server before or after the December 22nd Order.

[13] *See id.* at p. 6 ("It is unknown at this time if more individual computers will need to be collected.")

[14] *See id.* at 6; *see also* Docket No. 201.

[15] *See* previously produced emails reflecting North Cypress email addresses for the Hospital server, which are attached hereto as Exhibit B.

HOU:3773520.1

partner server, North Cypress failed to disclose to Avansic that the hospital server did not contain all of the custodian emails identified in the December 22nd Order until after Avansic raised this issue.

7.     In fact, according to Avansic, North Cypress "previously assured [Avansic] that all the custodian email identified in the [December 22nd Order] were within the segregated Exchange database [*i.e.*, hospital server]; it was not."[16]  And only after Avansic pressed the issue did Beata Kasper (North Cypress' Chief Information Officer who previously testified that she did not know what a litigation hold was, much less whether a hold was in place), come clean and explain to Avansic that "not every custodian listed [in the December 22nd Order] had mailboxes and that some mailboxes had expired and been deleted before the court order was issued."[17]  Ms. Kasper did not identify which custodians never had email mailboxes or which had expired/deleted mailboxes.[18]  Nor did she provide the dates on which the missing mailboxes expired or were deleted.  Again, Ms. Kasper played fast and loose with important detail necessary to uncover the truth.

8.     North Cypress' lack of transparency with regard to both the general partner and hospital servers casts serious doubt as to whether all of the ESI that is the subject of the December 22nd Order has been properly preserved.  Accordingly, as recommended by Avansic, the Court-ordered litigation hold should ***only*** be lifted as to

---

[16] *See* Exhibit A at p. 6.

[17] *See id.*

[18] *See id.*

HOU:3773520.1

the ESI that Avansic copied and delivered to the Court.[19]  The Court-ordered litigation should *not* be lifted as to the rest  of North Cypress' ESI until North Cypress provides the Court with each of the following:

- Confirmation by affidavit that all of Dr. Behar's emails (and related attachments), which existed as of December 2, 2015, were included in the ESI that Avansic mirror-imaged and delivered to the Court, and, if not, the identity and location of the other computer device(s) that store Dr. Behar's emails;

- Confirmation by affidavit that North Cypress (or its personnel) did not move any additional ESI from the general partner server to other individual desktop computers, laptops, or other computer devices, and, if it did, the identity and location of those computer devices and the date(s) on which the ESI was removed; and

- Confirmation by affidavit regarding the dates on which the missing email mailboxes (for the 26 individuals found to have no email mailboxes on North Cypress' hospital server) were expired or deleted, whether such individuals were ever employed by North Cypress and, if so, the time period of their employment.

For these reasons, the Court should deny Defendants' Motion in its entirety, and instead grant Aetna's request on the above relief and enter the proposed order attached hereto.

---

[19] *See id.* at p. 8 ("Therefore, it is recommended that any data on hold should not be released, except data directly collected by Avansic.").

Respectfully submitted,

ANDREWS KURTH KENYON LLP

By: /s/ John B. Shely
       JOHN B. SHELY
       State Bar No. 18215300
       Southern District No. 7544
       600 Travis, Suite 4200
       Houston, Texas 77002
       (713) 220-4200
       (713) 220-4285 – Fax

OF COUNSEL:
ANDREWS KURTH KENYON LLP

JEFFREY D. MIGIT
State Bar No. 00794306
Southern District No. 20433

       ATTORNEY-IN-CHARGE FOR AETNA
       LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on March 24, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

J. Douglas Sutter
*dsutter@ksklawyers.com*
Kelly, Sutter & Kendrick
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056-6570

/s/ John B. Shely
John B. Shely