IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-15-491 |
| | § | |
| ROBERT A. BEHAR, M.D., NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD., and NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC, | § § § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

In Plaintiff's live pleading, it makes claims for breach of the Participating Facility agreement that Defendant North Cypress Medical Center entered into with MultiPlan, Inc., as the third-party beneficiary to that contract (Count 4), tortious interference with health care benefit plans and in-network agreements (Counts 2 and 3) and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count 1). Plaintiff's complaint also generally alleges violations of the Texas Insurance Code and the Texas Occupations Code without seeking relief for those violations.

In North Cypress Medical Center Operating Co. v. Aetna Life Insurance Co., 898 f3d 461 (5th Cir. 2018) ("Koenig"), the Fifth Circuit found that the district court abused its discretion when denying Aetna leave to amend its complaint without explanation. Instead of remanding to the Koenig court for further action, the

court stated that those claims could be pursued in this suit. See Koenig, 898 F.3d at 481.

Presently pending before the court are Defendants' Motion to Dismiss Aetna's Complaint and Amended Motion to Dismiss Aetna's Complaint on "first to file" and res judicata grounds. As an aid to the court and in order to focus the parties on all the allegations Aetna intends to pursue in this suit, it is **ORDERED** that Aetna file an amended complaint outlining each cause of action, the facts supporting each claim, and when that cause of action arose. Aetna shall state whether the cause of action was (1) originally alleged in this action, or (2) was encompassed by the Fifth Circuit's ruling in Koenig.

The amended complaint shall be filed by **October 15, 2018.** Defendants shall either supplement their pending motions to dismiss, if needed, by **October 29, 2018,** or inform the court that they intend to rely on their present filings. Aetna's response to Defendants' motions to dismiss must be filed by **November 16, 2018.** Briefs shall be limited to forty pages.

Also pending before the court is Defendants' Unopposed Motion to Seal Documents (Doc. 240). The motion generally refers to the Agreed Protective Order as the reason this document must be filed under seal. No motion to seal, opposed or unopposed, will be granted unless the movant provides the legal and/or factual justification for sealing a document, including citation to the

specific material within the document that must be hidden from the public. The parties have an additional ten days to supplement this motion to seal with the factual and/or legal reason that it was: (1) relevant to the motion; and, (2) must remain under seal.

**SIGNED** this 26th day of September, 2018.

_____
U.S. MAGISTRATE JUDGE