IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY § § § § | |
| VS. § | CIVIL ACTION NO. 4:15-cv-491 |
| § | |
| ROBERT A. BEHAR, MD; NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD; and, NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC § § § § § § § § | |

### NCMC, COUNTER-PLAINTIFFS'/THIRD-PARTY PLAINTIFFS' MOTION FOR LEAVE TO FILE ORIGINAL COUNTER-COMPLAINT AND THIRD PARTY COMPLAINT

**TO THE HONORABLE JUDGES OF SAID COURT:**

COME NOW the Counter-Plaintiffs/Third-Party Plaintiffs Robert A. Behar, M.D., North Cypress Medical Center Operating Company, Ltd. and North Cypress Medical Center Operating Company GP, LLC (collectively "NCMC") and show the following:

### PREAMBLE

1. NCMC is cognizant of the fact that this Court has stated in its September 4, 2019 Order (Dkt. 283) that it "does not desire any other filings by any party before the Conference" scheduled for October 3, 2019 other than the Joint Status Report required by that Order. However, as shown herein, Aetna has already placed at issue whether this Court's adoption of the Magistrate Judge's Recommendation of August 5, 2019 (Dkt. 274) "in effect lifts the stay" as to both the Plaintiff's and the Defendants' claims. Therefore, pursuant to the Tolling Agreement entered into

between Aetna and NCMC on October 1, 2016, NCMC has no choice but to protect its claims from a statute of limitations bar and file this Motion for the reasons stated herein.

## FACTS

2.      On October 1, 2016, the parties entered into a Tolling Agreement in which they agreed that the Defendants'/NCMC's counterclaims and third party claims[1] would not be time barred and that all limitations periods on such claims be tolled until thirty (30) days after the Court's stay(s) in this case is (are) lifted.  As of this date, the Court has *not* lifted the stays in any written order which were imposed by both it and the Magistrate Judge. It is true that on September 4, 2019, the Court "adopted" the Memorandum and Recommendation of the Magistrate Judge to grant in part NCMC's Amended Motion to Lift Stay and to Dismiss Plaintiff's Complaint and their Supplement to their Amended Motion to Lift Stay and to Dismiss Plaintiff's First Amended Complaint (Dkts. 283, 274, 256, 241), wherein the Magistrate Judge recommended which of Aetna's claims should be dismissed and which claims may proceed; however, no specific order lifting the stays has been issued whether in the Magistrate's Recommendation (Dkt. 274) or in this Court's Order dated September 4, 2019. (Dkt. 283)

3.      In its inserts to the contemplated Joint Status Report provided to NCMC's counsel, Aetna takes the position that this Court's September 4, 2019 Order adopting the Magistrate Judge's Memorandum and Recommendation "in effect" lifted the stays even though not a word about the stays was mentioned therein.  Notwithstanding, if the thirty (30) days were to run from September 4, 2019, which they should not, NCMC would have only until October 4, 2019 (one day after the

---

[1] Initially, NCMC's Counter-Claims and Third Party Complaint (Exhibit "A") were stricken by the Magistrate Judge because they were filed after the Court's initial stay order dated July 24, 2015. If there had been no Tolling Agreement, the statute of limitations would have run on these claims during the four years and two months the stays were in effect.  It was the Magistrate Judge who directed the parties to enter into such a tolling agreement.

scheduled October 3, 2019 Status Conference) to file a Motion for Leave regarding their Original Counterclaim and Third Party Complaint. After four years and two months of stay orders being in place, an Order lifting those stays should be entered by the Court. Otherwise, another dispute regarding the Tolling Agreement could arise. In fact, such a dispute has already been raised by Aetna in the parties' drafting of a Joint Status Report as required by this Court in its September 4, 2019 Order. (Dkt. 283) claiming that the various stays were "in effect" lifted on September 4, 2019, even though 30 days from that date per the Tolling Agreement have yet to pass.  One can reasonably wonder if Aetna took this position in order to force NCMC to file this Motion prior to the October 3, 2019 Status Conference.

4. Attached hereto as Exhibit "A" is the Original Counter-Complaint and Third Party Complaint.

**WHEREFORE, PREMISES CONSIDERED,** NCMC pray that this Court grant them leave to file their Original Counterclaim and Third Party Complaint and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

By: */s/ J. Douglas Sutter*
J. DOUGLAS SUTTER
Federal ID No. 3791
State Bar No. 19525500

NEIL PRUPIS
Federal Bar No. NP-5500
State Bar No. 270641971

ATTORNEYS-IN-CHARGE FOR COUNTER-PLAINTIFFS AND THIRD-PARTY PLAINTIFFS

OF COUNSEL:

KELLY, SUTTER & KENDRICK, P.C.
3050 Post Oak Blvd., Suite 200
Houston, TX 77056
(713) 595-6000 – Telephone
(713) 595-6001 - Facsimile
dsutter@ksklawyers.com

LAMPF, LIPKIND, PRUPIS & PETIGROW, PA
80 Main Street, Suite 305
West Orange, New Jersey  07052
(973) 325-2100 – Telephone
(973) 325-2839 - Facsimile
prupis@llpplaw.com

## **CERTIFICATE OF CONFERENCE**

Per the parties' Tolling Agreement dated October 1, 2016, the Plaintiff should have no objections to this Motion since it has already agreed to the time NCMC may file this Motion.

>                                          */s/ J. Douglas Sutter*
>                                           J. DOUGLAS SUTTER

## **CERTIFICATE OF SERVICE**

I certify that on this the 19th day of September, 2019, a true and correct copy of the forgoing was served on all counsel of record via ECF and email.

>    John B. Shely
>    Jeffrey D. Migit
>    Andrews Kurth, LLP
>    600 Travis, Ste. 4200
>    Houston, Texas 77002-3090

>                                          */s/ J. Douglas Sutter*
>                                           J. DOUGLAS SUTTER