IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY § § § | |
| vs. § | CIVIL ACTION NO. 4:15-cv-491 |
| § | |
| ROBERT A. BEHAR, M.D., § NORTH CYPRESS MEDICAL § CENTER OPERATING COMPANY, § LTD. and NORTH CYPRESS § MEDICAL CENTER OPERATING § COMPANY GP, LLC § | |

## AETNA'S RESPONSE TO NCMC'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTER-COMPLAINT [Doc. No. 294]

OF COUNSEL:
HUNTON ANDREWS KURTH LLP

JEFFREY D. MIGIT
State Bar No. 00794306
Southern District No. 20433

JOHN B. SHELY
State Bar No. 18215300
Southern District No. 7544
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 – Fax

ATTORNEY-IN-CHARGE FOR AETNA
LIFE INSURANCE COMPANY

099900.16665 EMF_US 77211233

# TABLE OF CONTENTS

Opposition Grounds ...................................................................................1

    A.    Defendants are trying to mislead the Court ...............................1

    B.    Defendants' proposed amendment is futile, and granting leave to amend would be unduly prejudicial to Aetna ...............3

        1.    Defendants fail to state a claim for fraud .........................4

        2.    Texas does not recognize a cause of action for "Malicious Tort of Economic Harm" .................................6

        3.    Defendants fail to state a claim for tortious interference with patient agreements ..............................7

        4.    Defendants fail to state claims for breach of fiduciary duty or prohibited transactions under ERISA .................8

        5.    Defendants fail to state claims under ERISA 502(a) or ERISA 503 .................................................................9

        6.    Defendants have no claim under ERISA 502(c) .............11

        7.    Defendants have no claim for breach of contract as to non-ERISA plans .........................................................12

        8.    Defendants have no claim for unjust enrichment ..........12

Conclusion ...............................................................................................13

# INDEX OF AUTHORITIES

**Cases**

*A.G. Servs., Inc. v. Peat, Marwick, Mitchell & Co.*,
   757 S.W.2d 503 (Tex. App.—Houston [1st Dist.] 1988, writ denied) ..........7

*Alessi v. Raybestos-Manhattan, Inc.*,
   451 U.S. 504 (1981) ................................................................................5

*Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*,
   No. H-05-4389, 2006 WL 1663752 (S.D. Tex. June 13, 2006)......................9

*Anderson v. United States Dep't of Hous. & Urban Dev.*,
   554 F.3d 525 (5th Cir. 2008) .............................................................11, 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................4, 11

*Ashford Hosp. Prime Inc. v. Sessa Capital (Master) LP*,
   No. 3:16-CV-00527-N, 2017 WL 2955366 (N.D. Tex. Feb. 17, 2017)...........8

*Commc'ns Workers of Am. v. AT & T*,
   40 F.3d 426 (D.C. Cir. 1994)..................................................................13

*Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*,
   878 F.3d 478 (5th Cir. 2017) ..................................................................13

*El Paso Healthcare Sys., Ltd. v. Molina Healthcare of N.M., Inc.*,
   683 F. Supp. 2d 454 (W.D. Tex. 2010).......................................................15

*FMC Corp. v. Holliday*,
   498 U.S. 52 (1990) ..................................................................................5

*Gonzalez v. Aztex Advantage*,
   547 F. App'x 424 (5th Cir. 2013) ............................................................12

*Goss v. Firestone Polymers, L.L.C.*,
   No. 1:04-CV-665, 2005 WL 1004717 (E.D. Tex. Apr. 13, 2005) .................15

*Harris v. Trustmark Nat'l Bank*,
   287 F. App'x 283 (5th Cir. 2008) ............................................................12

*Hart v. Bayer Corp.*,
   199 F.3d 239 (5th Cir. 2000) ....................................................................6

099900.16665 EMF_US 77211233

*Helscher-Strauss v. Sara Lee Corp.*,
   No. 06-1627, 2006 WL 2135351 (E.D. La. July 28, 2006) ..........................12

*Hollingshead v. Aetna Health Inc.*,
   589 F. App'x 732 (5th Cir. 2014) ................................................................4

*Iron Workers Mid-South Pension Fund v. Terotechnology Corp.*,
   891 F.2d 548 (5th Cir. 1990) ......................................................................5

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co.*,
   341 S.W.3d 323 (Tex. 2011) ........................................................................6

*Johnson v. Wells Fargo Bank, NA*,
   999 F. Supp. 2d 919 (N.D. Tex. 2014) ......................................................15

*Korotynska v. Met. Life Ins. Co.*,
   474 F.3d 101 (4th Cir. 2006) ....................................................................11

*Lindemann v. Mobil Oil Corp.*,
   79 F.3d 647 (7th Cir. 1996) ......................................................................13

*N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*,
   898 F.3d 461 (5th Cir. 2018) ......................................................................1

*N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*,
   980 F. Supp. 2d 527 (S.D.N.Y. 2013) ......................................................11

*Prudential Ins. v. Fin. Rev. Servs.*,
   29 S.W.3d 74 (Tex. 2000) ...........................................................................9

*Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp. Inc.*,
   No. 10-81589-CIV., 2013 WL 149356 (S.D. Fla. Jan. 14, 2013) .................11

*Tatum v. Nationsbank of Texas, N.A.*,
   No. 05-94-01998-CV, 1995 WL 437413 (Tex. App.—Dallas July
   25, 1995, writ denied) ................................................................................ 7

*Tolson v. Avondale Indus., Inc.*,
   141 F.3d 604 (5th Cir. 1998) ....................................................................11

**Statutes**

29 U.S.C. § 1002(16)(A) ....................................................................................14

29 U.S.C. § 1105 ..................................................................................................9

-iv-

29 U.S.C. § 1106(a) ................................................................................................9

29 U.S.C. § 1106(b) ................................................................................................9

29 U.S.C. § 1132(a)(1) .........................................................................................10

29 U.S.C. § 1132(a)(3) .........................................................................................10

29 U.S.C. § 1132(c)(1)(B) ....................................................................................13

29 U.S.C. § 1133 ..................................................................................................10

29 U.S.C. § 1144(a) ................................................................................................5

**Other Authorities**

https://en.wikipedia.org/wiki/Mark_Bertolini ......................................................3

Plaintiff ("Aetna") files this Response in opposition to the Motion for Leave to File a First Amended Counter-Complaint (Doc. No. 294) filed by North Cypress Medical Center Operating Company, Ltd., and North Cypress Medical Center Operating Company GP, LLC ("Defendants").

## Opposition Grounds

"Leave to amend may be denied for undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). Here, leave to amend should be denied because Defendants approach the Court in bad faith, and because granting leave would be unduly prejudicial to Aetna and futile.

### A.   Defendants are trying to mislead the Court

Defendants seek leave to file their proposed First Amended Counter-Complaint on the basis that it is merely an extension of counterclaims they have pending against Aetna. *See* Doc. No. 294 at ¶ 1. But Defendants do ***not*** have any pending counterclaims against Aetna, and have not had any since they were stricken on November 19, 2015.

On July 24, 2015, the Court denied Defendants' motion to dismiss Aetna's complaint and entered a stay, while permitting Defendants to answer and file compulsory counterclaims. *See* Doc. No. 23 at 4 ("The court concludes that a stay of this action under certain limitations, which I will discuss in a moment, is appropriate . . . ."); *Id.* at 14 ("If you think you need to file any compulsory counterclaims, you may put those in the answer.").

Two weeks later, on August 11, Defendants filed "Counter-Plaintiffs'/Third-Party Plaintiffs' Original Counter-Complaint and Third-Party

Complaint" (the "Original Counter-Complaint"), alleging claims for relief against Plaintiff, two other Aetna entities, and four Aetna employees. *See* Doc. No. 20.[1]

During a hearing on November 19, 2015, the Magistrate Judge struck the Original Counter-Complaint. The Magistrate Judge made it clear on the record that she was striking the entirety of the Original Counter-Complaint, ***including*** Defendants' counterclaims:

> THE COURT: All right, well, let's talk about this case. Number one: Maybe you-all forgot, but Judge Lake stayed this case. Right?
>
> [Defendants' Counsel]: Correct.
>
> THE COURT: He said you could only do discovery.
>
> [Defendants' Counsel]: That's correct.
>
> THE COURT: Therefore, ***your counterclaim and third party action, your Third Party Complaint is stricken***. He didn't give you permission to do that.
>
> [Defendants' Counsel]: Well, Judge, he gave us permission to file a counterclaim, which is a compulsory counterclaim; and to file the actions that we did, it would be necessary to bring in those third parties.
>
> THE COURT: This is the problem. He doesn't think he did, so I'm going to strike it.

Hearing Tr. (Nov. 19, 2015) at 4–5 (emphasis added). The Magistrate Judge subsequently entered a minute entry for the November 19, 2015, hearing stating that "Defendants' Third Party Complaint is STRICKEN in conformity with the Court's minute entry order dated July 24, 2015." Doc. No. 120 (capitalization in original).

---

[1] Defendant Behar was also a third-party plaintiff in the Original Counter-Complaint.

In their Motion for Leave, Defendants pretend that the Magistrate Judge struck only their third-party claims, not their counterclaims against Aetna, because the minute entry says "Third Party Complaint." Defendants are being deliberately obtuse. As quoted above, the Magistrate Judge used "Third Party Complaint" as shorthand for the Original Counter-Complaint in its ***entirety***, including Defendants' counterclaims. Hearing Tr. (Nov. 19, 2015) at 4–5 (". . . your counterclaim and third party action, your Third Party Complaint is stricken"). Indeed, the parties used the ***same*** shorthand for the Original Counter-Complaint in their October 1, 2016, Tolling Agreement:

> WHEREAS, the Parties desire to enter into this Agreement in order to defer any further legal action with respect to the allegations, claims and causes of action asserted in Counter-Plaintiffs'/Third-Party Plaintiffs' Original Counter-Complaint and Third Party Complaint (the "Third Party Complaint") filed in Civil Action No. H-15-491; *Aetna Life Insurance Company v. Robert A. Behar, M.D., et al.*; In the United States District Court for the Southern District of Texas (Houston Division) (the "*Behar* Lawsuit"). A copy of the Third Party Complaint (Dkt. No. 20), which was struck by the Court during the hearing held on November 19, 2015, is attached hereto as Exhibit A;

Mot. for Leave, Ex. A (Doc. No. 294-1) at 1 (highlighting added).

Contrary to Defendants' claim in the Motion for Leave, therefore, their counterclaims against Aetna ***do not*** "remain[] on file as an active pleading, albeit stayed." Mot. for Leave (Doc. No. 294) at ¶ 1. Defendants' counterclaims were stricken almost four years ago. As Defendants are trying to obtain leave to amend under false pretenses, their Motion for Leave should be denied.

**B.    Defendants' proposed amendment is futile, and granting leave to amend would be unduly prejudicial to Aetna**

Leave to amend should also be denied because Defendants' proposed First Amended Counter-Complaint is nothing more than a parade of irrelevant and inaccurate accusations[2] and empty posturing in futile search of a viable cause of

---

[2] Defendants allege, for example, that "Aetna's CEO, Mark T. Bertolini[,] makes $30.7 million per year, bonuses and stock options in excess of $7 million per year and is awarded hundreds of thousands of dollars for personal travel, airline travel and other personal expenses." First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 8. This allegation is untrue. It is public knowledge that Mr. Bertolini retired from Aetna in November 2018. *See*

-3-

action. *See Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) (recognizing that a "futile" amendment is one which fails to state a claim upon which relief can be granted, and affirming denial of motion for leave to amend where amendment would not survive dismissal pursuant to Rule 12(b)(6)).

None of Defendants' eleven causes of action in the proposed First Amended Counter-Complaint states a plausible claim for relief against Aetna. Defendants' causes of action are either barred as a matter of law, or barred because they are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1. Defendants fail to state a claim for fraud

Defendants' first proposed cause of action is for alleged fraud. *See* First Am. Counter-Compl. (Doc. No. 294-3) at ¶¶ 26–30. Defendants generally allege that Aetna engaged in various actions which "defrauded plan beneficiaries by entering into compensation arrangements with certain plan sponsors" under which Aetna is allegedly "compensated with a percentage of savings from denied claims." *Id.* at ¶ 29. According to Defendants, these alleged compensation arrangements constitute "fraud against the patients whose claims" are "denied and/or underpaid." *Id.* Defendants further allege that they have assignments from the patients, and are entitled to "the full amount of [benefit claim] payments that should have been made." *Id.* at ¶ 30.

ERISA § 514(a), 29 U.S.C. § 1144(a), expressly preempts "any and all State laws" that "relate to" an ERISA plan. A state law "relates to" an ERISA

---

https://en.wikipedia.org/wiki/Mark_Bertolini (last visited Oct. 29, 2019). Moreover, Mr. Bertolini's past compensation by Aetna is irrelevant to this lawsuit. There are no factual allegations in the proposed First Amended Counter-Complaint linking in any way Mr. Bertolini's past compensation to Defendants' alleged damages.

plan if it expressly "refer[s]" to such a plan, or if it has an impermissible "connection with" a plan. *FMC Corp. v. Holliday*, 498 U.S. 52, 58–59 (1990); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 525 (1981). Thus, a state law "is preempted by section 514(a) if the **conduct** sought to be regulated by the state law is 'part of the **administration** of an employee benefit plan.'" *Iron Workers Mid-South Pension Fund v. Terotechnology Corp.*, 891 F.2d 548, 553 (5th Cir. 1990) (citation omitted; emphasis added). Defendants' proposed fraud cause of action requires an examination of the circumstances surrounding coverage and administration of the terms of the patients' underlying benefit plans. Defendants' cause of action is thus preempted by ERISA for every claim submitted under an ERISA-governed benefit plan.

Moreover, even assuming that Defendants are alleging fraud regarding some non-ERISA plans and that their patient assignments encompass alleged fraud in Aetna's compensation arrangements with plan sponsors, Defendants fail to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b). *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("[A] plaintiff pleading fraud must set forth the who, what, when, and where before access to the discovery process is granted. Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim.").

Fraud requires a false, material representation that was either known to be false when made or was made without knowledge of its truth. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co.*, 341 S.W.3d 323, 338 (Tex. 2011). In the proposed First Amended Counter-Complaint, Defendants do not allege with particularity **any** false, material representations by Aetna to any patient. Defendants accuse Aetna of "calling and pressuring patient members" to leave NCMC's emergency room by "telling them that Aetna will not cover any of the expenses at North Cypress." First Am. Counter-Compl. (Doc. No. 294-3) at

-5-

¶ 9(s). Assuming such calls had been made, they would not have been misrepresentations. But Defendants do not set forth the who, what, when, and where of any alleged call. First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 9(s). Nor do Defendants identify even one benefit claim that Aetna supposedly denied or underpaid.[3]

Defendants thus fail to state a claim for fraud.

### 2. Texas does not recognize a cause of action for "Malicious Tort of Economic Harm"

Defendants' second proposed cause of action is for the "Malicious Tort of Economic Harm." First Am. Counter-Compl. (Doc. No. 294-3) at ¶¶ 31–33. There is no such claim in Texas law—and if there were, it would be preempted here by ERISA.

Some jurisdictions have recognized a cause of action known as "prima facie tort," defined as the infliction of an intentional harm without excuse or justification by an act or series of acts which otherwise would be lawful and which results in special damage. *See Martin v. Trevino*, 578 S.W.2d 763, 772 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). "A number of Texas courts have considered the question of whether a prima facie tort cause of action should be adopted in Texas. These courts have universally held that if such cause of action is to be adopted, its adoption is a matter to be addressed by the legislature, not the courts." *Tatum v. Nationsbank of Texas, N.A.*, No. 05-94-

---

[3] In a single paragraph of the proposed First Amended Counter-Complaint, Defendants accuse Aetna of "refusing to pay for substantial medical bills, *e.g.*, the replacement of a cranial flap after emergency treatment . . ." First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 9(t). However, Defendants do not provide any identifying details regarding the patient, the benefit plan, the date of the treatment, or the amount of the claim. Defendants do not even allege that the unidentified medical bills were incurred at NCMC. Defendants' allegation thus fails to satisfy Rule 9(b).

01998-CV, 1995 WL 437413, at *6 (Tex. App.—Dallas July 25, 1995, writ denied) (declining to adopt cause of action for prima facie tort).[4]

As, the Texas Legislature has not adopted a cause of action for prima facie tort, the proposed First Amended Counter-Complaint fails to state a plausible claim for "Malicious Tort of Economic Harm." *See Ashford Hosp. Prime Inc. v. Sessa Capital (Master) LP*, No. 3:16-CV-00527-N, 2017 WL 2955366, at *10 (N.D. Tex. Feb. 17, 2017) ("Because there is no cause of action for prima facie tort under Texas law, the Court dismisses Ashford Prime's claim for prima facie tort.").

### 3. Defendants fail to state a claim for tortious interference with patient agreements

Defendants' third proposed cause of action is for tortious interference with NCMC's "agreements with its patients to medically treat the patients in consideration of the patients' financial obligations." First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 35. According to Defendants, Aetna allegedly interfered with unidentified patient agreements by (1) requesting NCMC transfer unnamed patients to other facilities, and (2) "bullying" the unnamed patients to leave NCMC. *Id.* at ¶ 36.[5]

There are no factual allegations in the First Amended Counter-Complaint to support Defendants' accusations. In any event, "justification is established as a matter of law when the acts the plaintiff complains of as tortious interference are merely the defendant's exercise of its own contractual rights." *Prudential*

---

[4] *See A.G. Servs., Inc. v. Peat, Marwick, Mitchell & Co.*, 757 S.W.2d 503, 507 (Tex. App.—Houston [1st Dist.] 1988, writ denied); *Martin*, 578 S.W.2d 772–73.

[5] Defendants also accuse Aetna of "conspiring" in some unspecified way "with competing facility providers" regarding these patients. First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 36. There are no factual allegations to support Defendants' alleged conspiracy in the proposed First Amended Counter-Complaint.

-7-

*Ins. v. Fin. Rev. Servs.*, 29 S.W.3d 74, 81 (Tex. 2000). Aetna had an absolute legal right as a matter of law to communicate with its members and NCMC regarding the treatment for which NCMC was billing Aetna. *Id.* (holding that insurer had privilege to communicate with insureds about the plaintiff's billing practices).

### 4. Defendants fail to state claims for breach of fiduciary duty or prohibited transactions under ERISA

Defendants' fourth proposed cause of action is for breach of fiduciary duty under ERISA. Defendants allege that Aetna has compensation arrangements "with certain plan sponsors" under which "Aetna is compensated with a percentage of savings from denied claims," and that these arrangements violate ERISA 406(b), 29 U.S.C. § 1106(b). In their fifth proposed cause of action, Defendants allege that these purported compensation arrangements constitute prohibited transactions under ERISA 406(a), 29 U.S.C. § 1106(a). And in their sixth proposed cause of action, Defendants allege that Aetna is liable for the compensation arrangements under ERISA 405, 29 U.S.C. § 1105.

Defendants' allegations about Aetna's compensation arrangements are flat wrong. More importantly for purposes of this Response, Defendants have no standing to bring these claims. *See Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, No. H-05-4389, 2006 WL 1663752, at *7 & n.3 (S.D. Tex. June 13, 2006) (recognizing that a third-party provider has no standing to sue under ERISA absent an assignment of benefits). Defendants allege that they have Assignments of Benefits from members of plans for which Aetna provides claims administrative services. *See* First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 25. But, as alleged in the proposed First Amended Counter-Complaint, these Assignments of Benefits confer only an "interest in any and all health insurance and/or health ***plan proceeds/benefits*** from any of my plans

-8-

or insurance policies ***arising from the provision of any goods and services*** provided by North Cypress and/or any physicians/healthcare providers thereof." *Id.* (emphasis added).

Defendants' alleged Assignments of Benefits do not confer sweeping authority on Defendants to sue Aetna regarding its compensation arrangements with plan sponsors. The fourth, fifth, and sixth causes of action in the proposed First Amended Counter-Complaint thus fail to state a plausible claim for relief.

### 5. Defendants fail to state claims under ERISA 502(a) or ERISA 503

Defendants' seventh proposed cause of action is under ERISA 502(a)(1), 29 U.S.C. § 1132(a)(1), for alleged failure "to make payments of benefits" as "required under the terms of the applicable health benefit plan(s)." First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 59 (emphasis omitted). In their eighth proposed cause of action, Defendants allege that Aetna is liable under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for allegedly breaching its fiduciary duty under ERISA § 503, 29 U.S.C. § 1133, in processing these benefit claims. *See id.* at ¶¶ 68–69.

As a matter of law, Defendants cannot simultaneously proceed under § 502(a)(1)(B) and § 502(a)(3), and cannot bring § 503 claims under § 502(a). *See Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610–11 (5th Cir. 1998); *Korotynska v. Met. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006); *N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 980 F. Supp. 2d 527, 549 (S.D.N.Y. 2013).

Moreover, Defendants do not provide any factual allegations regarding the "applicable health benefits plan(s)" in the proposed First Amended Counter-Complaint, nor do they include any factual allegations whatsoever regarding the benefits that Aetna allegedly underpaid. Defendants do not identify a single

-9-

benefit claim in the proposed First Amended Counter-Complaint. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678–79. Where, as here, "the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. United States Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008); *see Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp. Inc.*, No. 10-81589-CIV., 2013 WL 149356, at *3 (S.D. Fla. Jan. 14, 2013) ("[T]o state a plausible ERISA claim, the complaint must provide the court with enough factual information to determine whether the services were indeed covered services under the plan.").

Even assuming Defendants' failure to identify a benefit claim that Aetna allegedly underpaid could be ignored, the Fifth Circuit requires that "claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan" before bringing suit to recover benefits. *Gonzalez v. Aztex Advantage*, 547 F. App'x 424, 427–28 (5th Cir. 2013) (per curiam); *Harris v. Trustmark Nat'l Bank*, 287 F. App'x 283, 288 (5th Cir. 2008) (stating that federal court should not address issue that was not raised before the plan administrator because court "does not have the opportunity to review the plan administrator's resolution of the issue under an arbitrary and capricious standard").

Defendants contend that they "should be excused of any requirement to exhaust internal administrative remedies as futile." First Am. Counter-Compl. (Doc. No. 294-3) at ¶¶ 62, 69. But to establish the futility exception, a plaintiff "must prove that 'it is ***certain*** [its] claim will be denied on appeal, not merely that [it] doubts that an appeal will result in a different decision.'" *Helscher-Strauss v. Sara Lee Corp.*, No. 06-1627, 2006 WL 2135351, at *3 (E.D. La. July 28, 2006) (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th

-10-

Cir. 1996)) (emphasis added); *see Commc'ns Workers of Am. v. AT & T*, 40 F.3d 426, 433 (D.C. Cir. 1994) (requiring claimant to show a "certainty of an adverse decision"). Defendants provides no basis to find that the unidentified benefit claims (if any) within the scope of the proposed First Amended Counter-Complaint will certainly be denied on administrative appeal.

Defendants thus fail to state a claim for relief under their seventh and eighth proposed causes of action.

### 6. Defendants have no claim under ERISA 502(c)

Defendants' ninth proposed cause of action is for alleged violations of ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B). Defendants complain that Aetna refused to provide "plan and plan-associated documents governing claim made by North Cypress." First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 73.

"Under § 502(c), any administrator who fails or refuses to comply with a request for any information which such administrator is required by ERISA to furnish to a participant or beneficiary may in the court's discretion be personally liable to such participant or beneficiary for civil penalties up to $100 per day." *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 486 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 2000, 201 L. Ed. 2d 251 (2018) (citation omitted). "ERISA defines the term 'administrator' as 'the person specifically so designated by the terms of the instrument under which the plan is operated,' or, 'if an administrator is not so designated, the plan sponsor.'" *Id.* (quoting 29 U.S.C. § 1002(16)(A)).

Aetna is not a plan "administrator"; it is a third-party claims administrator. *See id.* at 486–87 (refusing to extend ERISA § 502(c) "to an insurance company involved in claims handling"). Defendants thus have no claim against Aetna under ERISA § 502(c).

### 7. Defendants have no claim for breach of contract as to non-ERISA plans

Defendants' tenth proposed cause of action is for breach of "non-ERISA plans by making payments of benefits" to "patients and/or to North Cypress in amounts significantly lower than the amounts [allegedly] required by the terms of such non-ERISA plans." First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 76.

Again, however, Defendants do not provide any factual allegations regarding the alleged non-ERISA plans and claims. The proposed First Amended Counter-Complaint is thus "devoid of facts" that would put Aetna "on notice as to what conduct supports the claims." *Anderson*, 554 F.3d at 528. As such, it "fails to satisfy the requirement of notice pleading." *Id.*

### 8. Defendants have no claim for unjust enrichment

Defendants' eleventh and final cause of action is for unjust enrichment, based on Aetna allegedly retaining unidentified plan benefits that "should have been paid to North Cypress." First Am. Counter-Compl. (Doc. No. 294-3) at ¶ 76. "Because a claim for unjust enrichment is based on quasi-contract," however, "it is unavailable when a valid, express contract governing the subject matter of the dispute exists." *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 929 (N.D. Tex. 2014) (Texas law).

Here, the terms of the various members' plans govern payment for medical claims and constitute express contracts. *El Paso Healthcare Sys., Ltd. v. Molina Healthcare of N.M., Inc.*, 683 F. Supp. 2d 454, 462 (W.D. Tex. 2010) (finding that a health plan which governs the relationship between provider and payor through an assignment of benefits is an express contract); *Goss v. Firestone Polymers, L.L.C.*, No. 1:04-CV-665, 2005 WL 1004717, at *24 (E.D. Tex. Apr. 13, 2005) (same). As such, Defendants' proposed unjust enrichment cause of action fails as a matter of law.

## Conclusion

Defendants' Motion for Leave to file the First Amended Counter-Complaint should be denied.

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

By: /s/ *John B. Shely*
JOHN B. SHELY
State Bar No. 18215300
Southern District No. 7544
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 – Fax

OF COUNSEL:
HUNTON ANDREWS KURTH LLP

JEFFREY D. MIGIT
State Bar No. 00794306
Southern District No. 20433

ATTORNEY-IN-CHARGE FOR AETNA LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Jeffrey D. Migit*
Jeffrey D. Migit