Case 4:15-cv-00491   Document 300   Filed on 11/12/19 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 12, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-491 |
| | § | |
| ROBERT A. BEHAR, NORTH | § | |
| CYPRESS MEDICAL CENTER | § | |
| OPERATING COMPANY, LTD., | § | |
| and NORTH CYPRESS MEDICAL | § | |
| CENTER OPERATING COMPANY | § | |
| GP, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Defendants Robert A. Behar, North Cypress Medical Center Operating Company, Ltd., and North Cypress Medical Center Operating Company, GP, LLC's (collectively "Defendants") Plea to the Jurisdiction and Motion to Dismiss RICO Claims for Lack of Standing (Doc. 290). The court **RECOMMENDS** that motion be **DENIED IN PART AND CONTINUED IN PART.**

On August 5, 2019, the court entered a Memorandum and Recommendation addressing Defendants North Cypress Medical Center Operating Company, Ltd., and North Cypress Medical Center Operating Company, GP, LLC's (collectively "NCMC") Amended Motion to Lift Stay and to Dismiss Plaintiff's Complaint and NCMC's supplement thereto. On September 4, 2019, the Memorandum and Recommendation

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 271, Ord. Dated June 21, 2019.

was adopted in full.

With concerns of judicial efficiency and timely management of the case docket, the court has determined that it will not entertain serial motions to dismiss on issues that were raised or could have been raised in a prior motion to dismiss.  To the extent that the specific RICO arguments now presently before the court in the pending motion to dismiss were raised in the prior motion, the court will not revisit them.  To the extent the arguments were not raised in the prior motion to dismiss, the opportunity has passed.  The only argument in the newly filed motion to dismiss that demands the court's attention is standing, as that is a matter of subject matter jurisdiction.  The court continues consideration of that matter and will reach it in due time.

All arguably viable arguments may be raised in a timely filed motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 after the close of discovery.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 12th day of November, 2019.

Nancy K. Johnson
United States Magistrate Judge