United States District Court
Southern District of Texas
**ENTERED**
April 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AETNA LIFE INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-491 |
| ROBERT A. BEHAR, NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD., and NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendants' Plea to the Jurisdiction and Motion to Dismiss RICO Claims for Lack of Standing (Doc. 290) and Defendants' Motion for Leave to File Compulsory Counter-Complaint and Amended Answer Dated January 3, 2020 (Doc. 321). The court has considered the motions, all relevant briefing, prior court rulings, and the applicable law. As explained below, the court **RECOMMENDS** that Defendants' motion to dismiss be **DENIED** and **DENIES** Defendants' motion for leave to amend. The court further **RECOMMENDS** that Defendants' causes of action pursuant to Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C § 1962(c), and the Lanham Act, 15 U.S.C. § 1125(a), be **DISMISSED** as Defendants no longer wish to pursue those claims. The court also

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 271, Ord. Dated June 21, 2019.

**DENIES** Defendants' multiple requests for oral hearings on these motions and other matters.[2]

Plaintiff filed this case against a hospital entity and one of its officers, alleging breach of contract, tortious interference, and violations of RICO and the Lanham Act.[3]

### I. Motion to Dismiss

On August 5, 2019, the court entered a Memorandum and Recommendation, subsequently adopted, that addressed Defendants North Cypress Medical Center Operating Company, Ltd., and North Cypress Medical Center Operating Company, GP, LLC's (collectively, "NCMC") Amended Motion to Lift Stay and to Dismiss Plaintiff's Complaint and NCMC's supplement thereto.[4] Two months later, Defendants filed the pending second motion to dismiss.[5] On November 12, 2019, the court entered a second Memorandum and Recommendation, subsequently adopted, that denied in part the motion on the basis that the court would not "entertain serial motions to dismiss on issues that were raised or could have been raised in a prior motion

---

[2] See, e.g., Doc. 341, Defs.' Req. for Oral Arg./Hr'g; Doc. 369, Defs.' Not. of Outstanding Mots./Reqs. for Relief.

[3] For a detailed factual and procedural history, see Memorandum and Recommendation dated August 5, 2019. See Doc. 274, Mem. & Recom. Dated Aug. 5, 2019 pp. 2-28.

[4] See Doc. 274, Mem. & Recom. Dated Aug. 5, 2019; Doc. 283, Ord. Adopting Magis. J.'s Mem. & Recom. Dated Sept. 4, 2019.

[5] See Doc. 290, Defs.' Plea to the Jurisdiction & Mot. to Dismiss RICO Cls. for Lack of Standing.

to dismiss."[6]  See also Fed. R. Civ. P. 12(g)(requiring, with exceptions, the consolidating of motions to dismiss).  Recognizing, however, that Defendants purported to raise standing as a challenge to the court's jurisdiction, the court continued the motion for later consideration on that issue.[7]  The court addresses that remaining argument herein.

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3).  A district court's jurisdiction is limited to actual cases or controversies.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992).  Constitutional "standing is an essential and unchanging part of the case-or-controversy requirement . . . ."  Id. at 560; see also McCall v. Dretke, 390 F.3d 358, 361 (5th Cir. 2004)(explaining that standing is an essential component of federal subject matter jurisdiction).

To plead constitutional standing, a plaintiff must satisfy three elements.  See OCA-Greater Houston v. Tex., 867 F.3d 604, 609-10 (5th Cir. 2017)(listing the "well-known requirements of Lujan" in a case addressing associational or organizational standing).  The elements are:  (1) "an injury in fact[;]" (2) a causal connection between the injury and the defendant's actions; and (3) a likelihood that the injury can be redressed by a

---

[6]     Doc. 300, Mem. & Recom. Dated Nov. 12, 2019 p. 2; Doc. 317, Ord. Adopting Magis. J.'s Mem. & Recom. Dated Dec. 9, 2019.

[7]     See Doc. 300, Mem. & Recom. Dated Nov. 12, 2019 p. 2.

favorable decision.  Id. at 610.

Defendants raise both statutory[8] and constitutional standing. Only the latter implicates subject matter jurisdiction and is addressed herein.[9] Having reviewed whether Plaintiff pled the elements of constitutional standing, the court finds that Plaintiff successfully did so.  Plaintiff pled that Defendant Robert A. Behar devised four schemes directed at collecting illegitimate insurance payments from Plaintiff, that he bribed other physicians to make patient referrals to NCMC, and that Plaintiff suffered financial harm as a result.[10]  A favorable result for Plaintiff would remedy the alleged harm it suffered.  This court has subject matter jurisdiction to hear Plaintiff's RICO cause of action.

## II.  Motion for Leave to Amend

The pending motion for leave to amend is Defendants' third attempt to amend their pleadings.  On October 9, 2019, the court denied Defendants' Motion for Leave to File Original Counter-

---

[8] Defendants argue that Plaintiff "lacks the standing that 18 U.S.C. § 1964(c) requires for a civil RICO claim[.]"  Doc. 290, Defs.' Plea to the Jurisdiction & Mot. to Dismiss RICO Cls. for Lack of Standing p. 6.  Defendants indiscriminately employ the word "standing" in their discussion of the sufficiency of Plaintiff's pleading of the elements of its RICO cause of action. See, e.g., id. pp. 9, 13, 22-24, 27.  A few of Defendants' arguments, at least tangentially, challenge whether Plaintiff alleged an injury in fact with a causal connection to Defendant Robert A. Behar's actions.

[9] The court also notes that Defendants argue that Texas Penal Code § 32.43 does not give rise to a private cause of action.  That is, of course, irrelevant.  RICO gives rise to a private cause of action.

[10] The court reminds Defendants of its ruling on consideration of NCMC's prior motion to dismiss regarding issue preclusion.  See Doc. 274, Mem. & Recom. Dated Aug. 5, 2019 pp. 40-42.  Arguments for dismissal of this action based on fact determinations reached in the related case previously tried are not meritorious.

4

Complaint and Third-Party Complaint.[11]  Defendants did not file objections pursuant to Federal Rule of Civil Procedure ("Rule") 72(a).  On November 12, 2019, the court denied Defendants' Motion for Leave to File First Amended Counter-Complaint Dated October 17, 2019.[12]  Within the objections period, Defendants filed their Motion for Clarification of the Magistrate Judge's Order Dated November 12, 2019.[13]  On December 5, 2019, the court granted Defendants' motion for clarification as a motion for reconsideration, vacated the court's prior order on Defendants' Motion for Leave to File First Amended Counter-Complaint Dated October 17, 2019, and provided additional explanation for its denial of that motion.[14]  Defendants did not file objections to that order.  A month after the issuance of that order, Defendants filed Defendants' Motion for Leave to File Compulsory Counter-Complaint and Amended Answer Dated January 3, 2020.[15]

At a scheduling conference in November 2019, the court set deadlines for discovery, expert reports, and dispositive motions.[16]

---

[11]   See Doc. 284, Defs.' Mot. for Leave to File Orig. Counter-Compl. & 3ᵈ-Party Compl.; Doc. 289, Ord. Dated Oct. 9, 2019.

[12]   See Doc. 294, Defs.' Mot. for Leave to File 1ˢᵗ Am. Counter-Compl. Dated Oct. 17, 2019; Doc. 301, Ord. Dated Nov. 12, 2019.

[13]   See Doc. 302, Defs.' Mot. for Clarification of the Magis. J.'s Ord. Dated Nov. 12, 2019.

[14]   See Doc. 316, Ord. Dated Dec. 5, 2019.

[15]   See Doc. 321, Defs.' Mot. for Leave to File Compulsory Counter-Compl. & Am. Ans. Dated Jan. 3, 2020.

[16]   See Doc. 303, Min. Entry Ord.

No deadline was given for amendments to the pleadings.[17] The court therefore considers the presently pending motion for leave to amend under Rule 15.

Rule 15(a)(2) requires that the party seeking to amend its pleading secure the "opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Id. The decision whether to grant a motion to amend is within the court's discretion. Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014). Leave to amend is by no means automatic, but the court does need to have a substantial reason to support a denial. Id. (quoting Jones v. Robinson Prop. Grp., LP, 427 F.3d 987, 994 (5th Cir. 2005)). The factors that the court may consider in making its decision include undue delay, bad faith or dilatory motive, repeated failure to correct deficiencies in amendments previously allowed, undue prejudice to the nonmoving party, and futility of the amendment. Id. (quoting Jones, 427 F.3d at 994).

The court finds that leave should be denied because Defendants failed to use proper procedural methods for challenging the court's prior rulings, they unduly delayed in seeking leave to amend initially, they filed this serial motion for leave in bad faith or with dilatory motive, and because Plaintiff would be unduly prejudiced by allowing amendment.

---

[17] See id.

Defendants explain in their motion that they no longer wish to pursue the claims asserted pursuant to RICO and the Lanham Act and that they are concerned that the RICO claim may violate Rule 11. Accordingly, the court finds that Defendants' RICO and Lanham Act claims should be dismissed.

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion to dismiss be **DENIED** and that their RICO and Lanham Act claims be **DISMISSED**. The court **DENIES** Defendants' motion for leave to amend and all requests for hearings. Any further motions filed by Defendants to dismiss or for leave to amend their pleadings will be stricken automatically, as will briefs on all matters that exceed in length Senior District Judge Sim Lake's twenty-five-page limit.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 27th day of April, 2020.

7

Nancy K. Johnson
United States Magistrate Judge